NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT,**
*Petitioner*

**v.**

**RONALD L. MOULTON, JILL MOULTON, MERIT SYSTEMS PROTECTION BOARD,**
*Respondents*

---

2024-109

---

Petition from the Merit Systems Protection Board in No. DE-0841-18-0053-I-1.

---

## ON PETITION

---

Before CHEN, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

## O R D E R

The Director of the Office of Personnel Management ("OPM") petitions for review of a final order of the Merit Systems Protection Board pursuant to 5 U.S.C. § 7703(d). Specifically, OPM seeks review of the Board's decision that

the governing statute, 5 U.S.C. § 8421(c), authorizes apportionment of a retirement annuity supplement only when the terms of a court order expressly provide for division of the supplement. The Board does not oppose the petition. Ronald L. Moulton and Jill Moulton did not respond.

Pursuant to 5 U.S.C. § 7703(d), this court has "discretion" whether to permit OPM's petition for review of a Board decision when OPM determines that "the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management and that the Board's decision will have a substantial impact on a civil service law, rule, regulation, or policy directive."[1] We conclude that OPM's petition should be permitted here. We note that Mrs. Moulton passed away after the Board issued its decision.[2] Any personal representative or attorney for Mrs. Moulton's estate who intends to participate on appeal must file a motion for leave to intervene.

Accordingly,

IT IS ORDERED THAT:

(1) OPM's petition is granted. This case is transferred to the regular docket. OPM's opening brief is due within 60 days of the date of entry of this order.

---

[1] While Mr. Moulton appears to have raised a claim of age discrimination before the Board, Appx7 n.7, this is not a "mixed case" subject to review in district court, because this case is brought under § 7703(d) and not § 7703(b), *see Kaplan v. Conyers*, 733 F.3d 1148, 1154 (Fed. Cir. 2013).

[2] OPM and the Board agree that there is a live case or controversy based at least on Mr. Moulton's cognizable interest in a refund of his previously apportioned supplement payments. *See* Pet. at 5 n.4; Board Resp. at 2–3.

OPM v. MOULTON                                                            3

    (2)  Absent objection within 30 days of the date of entry of this order, the official caption will be revised to remove Jill Moulton as a respondent in the case.  Any personal representative or attorney for Mrs. Moulton's estate intending to participate on appeal must file a motion for leave to intervene within that time.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 3, 2024
Date